# In the United States Court of Federal Claims

|  |  |
|---|---|
| KENNETH MICHAEL JONES,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>　　　　　*Defendant*. | No. 19-316<br>(Filed: August 21, 2025) |

*Michael D.J. Eisenberg*, Law Office of Michael D.J. Eisenberg, Washington, D.C., for Plaintiff.

*Evan Wisser*, Civil Division, U.S. Department of Justice, Washington, D.C., and *Adam E. Frey*, Judge Advocate General's Corps, U.S. Air Force, Andrews, MD, for Defendant.

**OPINION AND ORDER**

**LERNER**, *Judge*.

　　In February 2025, Plaintiff Kenneth Michael Jones agreed to settle his lawsuit against Defendant, the United States. Mr. Jones' Complaint alleged the U.S. Air Force improperly found him fit for service without consideration by the Medical Evaluation Board ("MEB") after he experienced several health conditions during his service. Mr. Jones contends the Air Force should have granted him a medical retirement but instead required him to serve the remainder of his contract until he was honorably discharged in 2018. Am. Compl., ECF No. 39 at 1, 3.

　　The Settlement Agreement provided Mr. Jones a medical retirement and back pay. Settlement Agreement, ECF No. 102-1 at 2.[1] In exchange, Mr. Jones agreed to stipulate to the lawsuit's dismissal with prejudice. Settlement Agreement, ECF No. 102-1 at 3. Plaintiff alleges the Government did not meet its obligations under the Settlement Agreement, and he now declines to stipulate to this case's dismissal. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 100 at 3–4.

　　Pending before the Court is the Government's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") on grounds that the Settlement Agreement renders the case moot. *See generally* Def.'s Mot. to Dismiss, ECF No. 99. For the reasons below, the Government's Motion to Dismiss is **GRANTED**.

---

[1] Page numbers refer to the ECF assigned numbers.

**I.      Background**

While serving in the Air Force from 2009 to 2018, Mr. Jones experienced several health issues including knee problems, sleep apnea, trouble breathing, and generalized anxiety disorder ("GAD"). Am. Compl. at 3–4. The Air Force determined his GAD developed in the line of duty. Def.'s Ex. C, ECF No. 102-3 at 2. Instead of undergoing a full MEB evaluation, Mr. Jones received a preliminary expedited review which noted concerns about redeployment's effects on his condition. Am. Compl. at 5. Nevertheless, the Air Force determined he could return to service. *Id.* at 5–6. Mr. Jones never received an MEB evaluation and was honorably discharged at the end of his contract in 2018. *Id.* at 3–7. S*ee generally* Admin. R., ECF Nos. 7, 46, 79.

In 2019, Plaintiff filed this action claiming the Air Force acted contrary to law when, instead of awarding him a medical retirement, it determined he was fit for service without an MEB evaluation. Am. Compl. at 1, 8. Plaintiff's Amended Complaint sought medical retirement under 10 U.S.C. § 1201. *Id.* at 2. But the Complaint does not include a claim for combat-related special compensation under 10 U.S.C. § 1413a. *See id.* at 2–3. The eligibility requirements for these two programs are different.

The parties signed a Settlement Agreement in February 2025. Def.'s Mot. to Dismiss at 3. *See generally* Settlement Agreement. The Government agreed to grant Mr. Jones "a medical retirement based on his generalized anxiety disorder, at a 70% disability rating, effective as of his separation date, August 31, 2018" and to direct the Defense Finance and Accounting Service ("DFAS") to provide back pay and benefits. Settlement Agreement at 2–3. Mr. Jones agreed to stipulate to this lawsuit's dismissal with prejudice and forfeit any claims against the United States "arising out of or related to this case, regardless of whether they were included in the complaint." *Id.* at 3. The Air Force issued the retirement order in accordance with the Settlement Agreement and directed DFAS to provide Mr. Jones back pay and benefits. Def.'s Mot. to Dismiss at 4.

On May 13, 2025, the Air Force informed Defendant's counsel "that Mr. Jones had communicated to . . . Air Force personnel that he did not believe his . . . retirement orders were correct" because they wrongly indicated he was not disabled in armed combat, rendering him ineligible for combat-related special compensation for his GAD. *Id.* at 5. Defendant requested Plaintiff provide documentation to establish his eligibility for combat-related special compensation. *Id.* However, according to the Government, the documents Mr. Jones produced did not conclusively establish his eligibility. *Id.* at 7.

Consequently, Plaintiff declined to jointly stipulate to dismiss this case, claiming the Air Force's retirement orders "contain material deficiencies that prevent Mr. Jones from receiving the full benefits contemplated by the settlement." Pl.'s Resp. to Def.'s Mot. to Dismiss at 2. Defendant then brought this Motion to Dismiss for lack of subject matter jurisdiction, alleging the signed Settlement Agreement's waiver of claims renders the case moot. Def.'s Mot. to Dismiss at 8.

In Defendant's view, Mr. Jones' combat-related special compensation eligibility is not relevant to the Settlement Agreement, and he retains the "ability to present a further application to the [Air Force Board for Correction of Military Records ("AFBCMR")] on this new issue." *Id*. It "stated in writing that the AFBCMR had committed to review on the merits any subsequent application Mr. Jones might choose to submit on this issue. The AFBCMR would not consider [this] issue waived by virtue of this litigation and settlement." Def.'s Mot. to Dismiss at 8; *see also* Settlement Agreement at 4 ("[T]his agreement will not bind the parties, nor will it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to affect the terms of this agreement.").

## II.   Analysis

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted); *see also* U.S. CONST. art. III, § 2. When a case becomes moot, "it no longer presents a justiciable controversy over which a federal court may exercise jurisdiction." *NEC Corp. v. United States*, 151 F.3d 1361, 1369 (Fed. Cir. 1998) (citing *Kimberly-Clark Corp. v. Proctor & Gamble Distrib. Co.*, 973 F.2d 911, 913 (Fed. Cir. 1992)). And anytime the Court determines it lacks subject matter jurisdiction over a case, it must dismiss the action. RCFC 12(h)(3). When considering a motion to dismiss, "the court accepts as true all undisputed factual allegations made by the nonmoving party, and draws all reasonable inferences from those facts in the nonmoving party's favor." *Widtfeldt v. United States*, 122 Fed. Cl. 158, 161 (2015); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A signed settlement agreement generally renders the underlying case moot. *Outlaw v. United States*, 104 Fed. Cl. 226, 228 (2012) (citing *Kimberly-Clark*, 973 F.2d at 914). After a settlement, "there is no longer a case or controversy with respect to the settled issues." *Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 950 F.3d 849, 852 (Fed. Cir. 2020). And here, the Settlement Agreement specified "Mr. Jones releases, waives, and abandons *all* claims . . . against the United States . . . *arising out of or related to this case*, regardless of whether they were included in the complaint." Settlement Agreement at 3 (emphasis added). The Agreement's terms are unambiguous. Mr. Jones abandoned all claims arising from this case, and therefore, the case is now moot.

Plaintiff incorrectly argues his case is not moot because Defendant has not fully performed under the Settlement Agreement. But, "an enforceable settlement generally renders a case moot even though the parties have not yet performed the terms." *Serta*, 950 F.3d at 852 (citing *Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301 (Fed. Cir. 2006)). And challenging a settlement itself "fails to provide a sufficient basis for this court to conclude that the lawsuit now before it is not moot." *Outlaw*, 104 Fed. Cl. at 229; *see also Colida v. Motorola, Inc.*, 77 F. App'x 516, 517 (Fed. Cir. 2003) (holding "a breach of [a settlement] does not prevent the settlement from being effective"). Plaintiff alleges *Kimberly-Clark* and *Outlaw* do not support dismissal here because they contemplate situations in which the parties had fully

performed. Pl.'s Resp. to Def.'s Mot. to Dismiss at 5. However, performance is not a condition precedent to finding this case moot. *Serta*, 950 F.3d at 853 (listing six citations to other circuits supporting this proposition).

Mr. Jones desires to be eligible for combat-related special compensation and, as noted, he may still pursue such compensation through the AFBCMR process. Def.'s Mot. to Dismiss at 8.

## III.    Conclusion

For these reasons, the Government's Motion to Dismiss is **GRANTED**. ECF No. 99. The Clerk is directed to enter judgement. In accordance with the parties' Settlement Agreement, the case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

         s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge